## WILLIAM A. BOWDITCH *vs.* SIMON GARDNER.

A petitioner, in order to maintain a petition under Gen. Sts. *c.* 134, §§ 49, 50, and St. 1873, *c.* 178, to quiet his title in an easement, must have the possession or enjoyment of, and not a mere title *to*, the easement.

PETITION under Gen. Sts. *c.* 134, §§ 49, 50, and St. 1873, *c.* 178, to quiet the petitioner's title.

The petition alleged that the petitioner was in possession of and claimed "an estate of freehold in a certain dwelling-house and land under and adjoining the same, situate in Salem aforesaid, bounded easterly on Turner Street, there measuring twenty-two feet and six inches, southerly on land formerly of Ebenezer

Bowditch eighty-one feet, westerly on land formerly of George Hodges, there measuring twenty feet and four inches, northerly partly by land formerly of John Emmerton, and partly by a common cartway of thirteen feet in width, running fifty feet westerly from said Turner Street, with all privileges and appurtenances thereto belonging, which said way was to be held and enjoyed by the owners of the estates north and south of said cartway, and to be forever kept open and unincumbered," and that he was "to have the right to use and take water from a well formerly upon the north side of said cartway with a convenient passage from the cartway aforesaid to said well, which said passage was to be kept open and unincumbered," but that he was informed and believed "that Simon Gardner, of said Salem, baker, now in the occupation of the estate northerly of the common cartway aforesaid," made "some claim adverse to the estate of the petitioner." The prayer of the petition was that Gardner might be summoned to show cause why he should not bring an action to try the alleged title.

The respondent disclaimed any right in or title to the dwelling-house and land described in the petition, and alleged that he did not make, and never had made, any claim to the same; and he demurred to that part of the petition in which the petitioner represented that he was to have the right to use and take water from a well formerly upon the north side of the cartway, with a convenient passage from the cartway to the well, which passage was to be kept open and unincumbered, because it appeared by the petition that the premises therein described were and had been in the exclusive possession of the respondent, and he denied that the petitioner had any right to take and use water from the well, or to use any passage-way to and from the well.

The demurrer having been sustained by *Wells,* J., and the petition dismissed, the petitioner appealed.

*D. Roberts,* for the petitioner.

*C. A. Benjamin,* for the respondent.

GRAY, C. J. This petition is filed under the Gen. Sts. *c.* 134, §§ 49, 50, and the St. of 1873, *c.* 178, for the purpose of quieting the petitioner's title in a house and land, and in an easement

appurtenant thereto, by compelling the respondent to bring an action against him to try the same.

By the Gen. Sts. *c.* 134, § 49, " any person in possession of real property, claiming an estate of freehold or an unexpired term of not less than ten years," may file such a petition. But by § 50, " if the respondent appears and disclaims all right and title adverse to the petitioner, he shall recover his costs." And the respondent in this case has disclaimed in his answer all right or title to the house and land. This disclaimer is a bar to the petition to that extent.

The St. of 1873, *c.* 178, declares that " any person who is in the enjoyment of an easement shall be held to be in possession of real property, within the meaning and for the purposes of " the Gen. Sts. *c.* 134, § 49. Enjoyment of an easement is thus made equivalent to possession of real property, for the purposes of this process. But mere right or title to an easement, or to any other interest in real estate, without possession or enjoyment, is not enough to bring a case within either statute. *Munroe* v. *Ward*, 4 Allen, 150. This petitioner alleges only that he was to have the right to use and take water from a certain well, and the right to a convenient passage thereto, and does not allege that he was in the enjoyment of such an easement, but, by the unqualified allegation that the land on which the well stands is in the occupation of the respondent, rather implies the contrary. The petitioner therefore shows no ground for invoking the assistance of the court in this form of proceeding. If he has a right to the easement which he claims, and has been prevented by the respondent from enjoying it, his appropriate remedy is by bringing an action at law against the respondent, not by compelling the respondent to bring an action against him.

*Judgment dismissing the petition affirmed.*