BOSTON MANUFACTURING COMPANY *vs.* GEORGE L. BURGIN.

One who maintains a dam under the mill acts has not such an easement in the flowed lands as will enable him to maintain a petition under Gen. Sts. *c.* 134, § 49, and St. 1873, *c.* 178, against the landowner, to compel him to try the title.

PETITION, under Gen. Sts. *c.* 134, § 49, to compel a claimant to try the title to an easement. The petition alleged that the Boston Manufacturing Company, for the purpose of operating its mills in Waltham, maintained across Charles River a dam and flash-boards, by which the water of the river was made to flow a parcel of land that was described in the petition; that the corporation claimed to be seised in fee of the easement of so flowing the land, to the extent to which it could be flowed by the water of the river, raised to the effective height to which the dam and flash-boards in good repair and condition could raise it, for the purpose of operating the mills; that the corporation was informed and believed that George L. Burgin was the owner of the land, and that he made some claim adverse to the estate of the corporation. The petition then prayed that Burgin might be summoned to show cause why he should not bring an action to try the title.

The respondent demurred, on the ground that the petition did not state a case that entitled the petitioner to the relief sought

for.   The case was heard and reserved by *Colt*, J., upon the petition and demurrer, for the consideration of the full court.

*G. S. Hale*, for the respondent.

*G. O. Shattuck & T. L. Livermore*, for the petitioner.

WELLS, J.   This petition is brought under the St. of 1873, *c.* 178, which provides that " any person who is in the enjoyment of an easement shall be held to be in possession of real property, within the meaning and for the purposes of section forty-nine of chapter one hundred and thirty-four of the General Statutes."

The purpose of this statute was manifestly not to change the interpretation of the General Statutes, or the rules of proceeding under them, which had been adopted by the courts ; but to bring another class of interests in real estate within the same provisions for the quieting of titles.   The same rules of proceeding and determination are accordingly to be followed, so far as applicable.

The provision in regard to land, Gen. Sts. *c.* 134, § 49, is construed strictly ; or, rather, reasonably, having reference to the end sought, and the means of securing it.   *Clouston* v. *Shearer*, 99 Mass. 209.   One rule, in regard to real estate, is that the petitioner must show an actual possession and taking of the profits. Title merely, as in the case of flats over which the tide ebbs and flows, is not sufficient.   *Munroe* v. *Ward*, 4 Allen, 150.   Another rule is that a respondent will not be required to bring a suit unless it is made to appear that the right which he claims can be fairly and conclusively tried by such a suit as may be directed. Thus, one who claimed an estate in reversion, after a life estate in possession of the petitioner who denied the reversion and claimed the fee, was not required to bring a suit to settle the controversy. *Tisdale* v. *Brabrook*, 102 Mass. 374.

The easement claimed in this case is that of flowing certain lands of one Burgin ; and it is alleged that said Burgin " makes some claim adverse to the said estate of your petitioner."   The petition does not set forth such an actual enjoyment of an easement in or upon the land of the respondent, as to bring the case within the rules established for such proceedings.   *Bowditch* v. *Gardner*, 113 Mass. 315.   It alleges that the petitioner, for the

purpose of operating its mills, maintains across Charles River a dam and flash-boards, " whereby the water of said river is made to flow " the parcel of land in question ; and " claims to be seised in fee of the easement of so flowing said land, to that extent to which it can be flowed by the water of said river, raised to the effective height to which said dam and said flash-boards thereon, all in good repair and condition, can raise the same for the purpose of operating said mills."

The allegation of seisin in fee must be understood as having reference to the character and quality of the title by which the petitioner holds the right or easement which is claimed, and not to the actual possession or mode of enjoyment. The latter is particularly set forth, and corresponds precisely with that exercise of the right of a mill-owner to maintain a dam to raise water for working his mill, which is given by the mill act, Gen. Sts. *c.* 149. Such exercise of the right of flowage is not the enjoyment of an easement in the land flowed. It is not adverse to the title or possession of the owner ; and being permitted by law, and not actionable except by complaint for compensation, it will not ripen into title by lapse of time. When the right has become absolute by payment of gross damages, or by exercise of the right without compensation for more than twenty years, it is commonly called an easement. But it is an easement in respect of the use of the stream only, and not an interest in or right over the land flowed. *Williams* v. *Nelson,* 23 Pick. 141. *Murdock* v. *Stickney,* 8 Cush. 113. *Storm* v. *Manchaug Co.* 13 Allen, 10.

The right to maintain the dam and to keep up the head of water is given to all mill-owners by statute. The flowage of adjacent lands is incidental, and compensation is made according to the degree of injury. But the right to occupy the surface of the land with the water of the pond is not taken, and the landowner may exclude it if he sees fit to do so. And when the right of the mill-owner becomes absolute by paying gross damages or by prescription, it is only a right to keep up the dam without rendering compensation for such incidental injury.

From this examination of the nature of the right exercised by a mill-owner, we think it manifest that the difficulty in the way

of maintaining this petition is not one of pleading only. Assuming the right, which the petitioner claims, to be a right to occupy the land of the respondent with the water of the mill pond, so that he cannot exclude the water or diminish its volume, and that the petition sufficiently alleges the actual enjoyment of such an easement, still, under existing laws, there is no way in which the petitioner's title to such an easement can be tried by an action to be brought by the respondent. ·

He cannot maintain trespass, because the flowing is the natural result of a lawful act by the petitioner. It is not suggested that any act has been done except to set the water back upon the land by means of the dam in the river. The petitioner would hardly be willing to waive the protection of the statute, for the purpose of such a suit. A writ of entry is even less appropriate as a means of putting such a claim of right in issue.

It is contended that the issue in a complaint for compensation, which the statute provides to be tried in court to determine the title and rights of the parties, before issuing the warrant for a jury to assess the damages, is adapted to the desired purpose, and in all respects adequate and appropriate. But the issue to be tried in such a proceeding, aside from the title in the land alleged to be flowed, which is not in question in this case, is merely that of the liability of the mill-owner to render compensation. The answer in bar may be " that the respondent has a right to maintain his dam for an agreed price, or without any compensation, or any other matter which may show that the complainant cannot maintain the suit." However extensive the title or right set up in bar as " other matter " showing that the suit cannot be maintained, yet the adjudication cannot embrace more than the claim of the complainant. If judgment be for the respondent, it will establish his right to maintain his dam at an agreed price, or without compensation, as the case may be; but it will not establish his claim to other rights in the complainant's land. It is conclusive upon the right to affect the land incidentally by keeping up a head of water, because that is the *res. adjudicata.* But a claim of right to occupy the land with the water of a pond or reservoir, to the exclusion of the owner, or the restriction of

his right of occupation and use, is not within the issue presented by the complainant; and although, if established by proof, it might defeat the suit, it would not work an estoppel as to such additional or more extensive claim of rights by the respondent. *Eastman* v. *Cooper*, 15 Pick. 276. *Gilbert* v. *Thompson*, 9 Cush. 348. *Morse* v. *Marshall*, 97 Mass. 519.

As this larger right of use, amounting to an easement in or upon the land itself, cannot be established in this mode, and the right to maintain the dam, without compensation for the incidental flowage, is not an easement enjoyed in respect of the land flowed, it must follow that this petition cannot be maintained. The demurrer is accordingly sustained, and the

*Petition dismissed, with costs.*