PROPRIETORS OF INDIA WHARF *vs.* CENTRAL WHARF AND
WET DOCK CORPORATION.

Suffolk. March 3. — May 8, 1875. MORTON & ENDICOTT, JJ., absent.

A petition under the Gen. Sts. c. 134, § 49, will not lie to compel a person to bring an
   action to try his alleged title, unless the petitioner has the exclusive possession; and
   a mere formal or nominal possession, which he can without disadvantage abandon
   and himself bring an action, or the fact that he might be treated as a disseisor at
   the election of the respondent, is not enough.

The question whether a petitioner under the Gen. Sts. c. 134, § 49, has proved such a
   possession as entitles him to an order that the respondent should bring an action,
   is to be decided in the first instance by a single justice of this court; and his finding
   on matters of fact, or of sufficiency of evidence, is conclusive.

On a petition under the Gen. Sts. c. 134, § 49, to compel the respondent to bring an
   action to try his title to a parcel of land, the petitioner, to show his exclusive pos-
   session, relied upon a lease of the premises made by him for a term of years for a
   nominal consideration, the tenant agreeing to deliver up the premises at the end of
   the term. Attached to the lease was another by the respondent, by which he leased
   to the tenant "his right, title and interest " in the premises. Both leases were de-
   livered at the same time. *Held,* that these facts warranted the inference that the
   leases were parts of one transaction, intended merely to transfer to the lessee for
   the term thereof all the rights of the two lessors, and that neither was intended as
   an assertion by either, as against the other, of an exclusive possession of the prem-
   ises.

PETITION under the Gen. Sts. c. 134, § 49, to compel the re-
spondent to bring an action to try his alleged title to a parcel of
land in Boston. The answer denied that the petitioner ever had
been in actual possession of the land described in the petition,
taking the rents and profits thereof; and averred that the re-
spondent owned a part of the land in fee, and claimed a right or
easement in common with the petitioner over the residue.

At the hearing before *Ames,* J., the following facts ap-
peared: The land in question was formerly a dock lying be-

tween the wharves of the petitioner and the respondent, which had been filled by the city of Boston in 1870. On May 15, 1873, by an indenture, the petitioner leased to the city of Boston the land in question, until May 1, 1875, for the rent of one dollar, and the city covenanted to quit and deliver up the premises to the lessor at the end of said term. Annexed to the indenture was an instrument under seal, executed by the respondent corporation, whereby, for the consideration of one dollar, it leased, demised and let to the city " all its right, title, interest and estate in and unto the premises described by the above written instrument " until May 1, 1875. The petitioner has never received the nominal rent fixed in its lease to the city. The lease by the respondent was delivered with the lease of the petitioner.

On this evidence, the judge ordered the petition to be dismissed, and reported the case for the consideration of the full court.

*S. Bartlett & S. S. Shaw*, for the petitioner.

*C. A. Welch & M. Williams, Jr.*, for the respondent, were not called upon.

GRAY, C. J. In order to maintain a petition under the Gen. Sts. *c.* 134, § 49, to compel the bringing of an action to try title to real estate, the petitioner must have substantially and practically the exclusive possession. It is not sufficient that he has a mere formal or nominal possession, which he can without disadvantage abandon and himself bring an action against the adverse claimant. Nor is it sufficient that he might be treated as a disseisor at the election of the latter; for any person asserting a title to land may be so treated at the election of the rightful owner; and to give such a construction to the statute would be to enable any wrongful claimant to throw upon the rightful owner the burden of establishing his title. The petitioner must prove that he has the exclusive possession, as between himself and the respondent. If, as between them, the possession appears to be mixed or doubtful, the petitioner has not made out a case for compelling the respondent, rather than himself, to institute an action to try the title. *Munroe* v. *Ward*, 4 Allen, 150. *Clouston* v. *Shearer*, 99 Mass. 209. *Tompkins* v. *Wyman*, 116 Mass. 558.

The question whether the petitioner has proved such a possession, as to entitle him to an order that the respondent should bring an action, is to be decided in the first instance by the judge to whom it is presented. Upon questions of fact, or of the sufficiency of evidence, his decision is conclusive. It can be revised by the full court only for error in matter of law.

The facts proved in the present case warranted the inference that the contemporaneous leases from the petitioner and the respondent to the city of Boston were parts of one transaction, intended merely to transfer to the lessee, during the term mentioned in each lease, all the rights of the two lessors; and that neither lease was intended, or could be understood, as an assertion by either lessor, as against the other, of an exclusive right of possession of the demised premises. *Petition dismissed.*