MARY LEARY *vs.* WILLIAM F. DUFF.

Suffolk. January 16. — April 19, 1884.

At the hearing upon a petition, under the Pub. Sts. *c.* 176, to compel the respondent to bring an action to try his alleged title to a parcel of land, if the petitioner, at the time of filing his petition, is in the sole possession of the land, claiming title thereto, although by disseisin, it is within the discretion of the presiding judge to order the respondent to bring an action; and it is immaterial that the respondent claims title to an undivided portion only of the land as tenant in common, and that the other tenant in common resides out of the Commonwealth.

PETITION, filed March 20, 1883, under the Pub. Sts. *c.* 176, to compel the respondent to bring an action to try his alleged title to a parcel of land in Boston. The petition alleged, that, in June, 1860, one John Duff, the uncle of the petitioner, and the father of the respondent, made a verbal gift of the land in question to the petitioner, and that she had had the open, continuous, and exclusive possession of the same ever since ; that John Duff died in November, 1880, leaving a will in which no specific devise was made of any real estate, but the residue of his property, real, personal, and mixed, was devised in equal portions to his three children, John R. Duff and William F. Duff, of Boston, and Sibbel A. Bullard, of New York ; and that the respondent made some claim of title to said land, adverse to the petitioner's title.

The answer admitted that the respondent was a son of John Duff, and one of the residuary devisees named in his will; alleged that the respondent was now the owner of two undivided

third parts of said land, and that Sibbel A. Bullard, of New York, was the owner of the other undivided third; that John Duff at the time of his death was the owner of said land; that he never gave the said land to the petitioner, and she never had possession of the same as alleged; and denied the right of the petitioner to maintain her petition.

Hearing before *Holmes*, J., who reported the case for the consideration of the full court, in substance as follows:

The premises were purchased by John Duff in 1859, and the respondent is one of his residuary devisees, claiming title to two thirds of the same. The petitioner was alone seised at the date of the petition, claiming an estate of fee simple therein. The petitioner testified to facts sufficient, if believed, to make out her title by adverse possession; but her cross-examination and the evidence introduced by the respondent left the matter very doubtful.

The respondent contended that the judge must be satisfied, by a fair preponderance of the evidence before him, that, at the date of filing her petition, the petitioner had acquired a title by adverse possession; but the judge ruled that, if, under any circumstances, an omission or failure to prove the title claimed by the petitioner would be a cause why the petition should not be granted, when the petitioner's seisin and claim were established, inasmuch as there was evidence sufficient to entitle the petitioner to go to the jury if this were a jury trial, it was the duty of the judge, or, if it was not his duty, was within his discretion, to order the action to be brought; and, without finding one way or the other upon the evidence, the judge so ordered.

If the ruling was correct, the respondent was to bring an action within six months of the date of the rescript; otherwise, the petition to be dismissed; or, in either event, such other order or decree to be made as the court might think proper.

*C. G. Keyes*, for the respondent.

*J. A. Maxwell*, for the petitioner.

DEVENS, J. The petitioner has shown that she was, at the time of filing her petition, in sole and exclusive possession of the premises described, claiming title thereto. On this point, the finding of the presiding judge is conclusive. *India Wharf* v. *Central Wharf*, 117 Mass. 504. It is the contention of the

respondent, that, as she has failed to satisfy the presiding judge that she had acquired a complete title by adverse possession, and as he declined thus to find, it was not his duty, nor was it within his discretion, to order the respondent, who himself asserts title to two thirds of the premises, to bring an action.

We shall not have occasion to consider whether it was the duty of the judge to make the order in question, as a majority of the court are of opinion that it was within his discretion so to do.

Where the petitioner is not in exclusive possession, it has always been held that this proceeding cannot be maintained, as in such case there is no reason why he should not himself take the initiative in ascertaining the validity of his title. *Tompkins* v. *Wyman*, 116 Mass. 558. *India Wharf* v. *Central Wharf*, *ubi supra*. But where the petitioner is in possession, and there is an adverse claim which is the subject of dispute, it has never been held that the court must be satisfied, even *prima facie*, that such claim was untenable, before ordering the respondent to bring an action. It appears to have been assumed to be otherwise. Thus, in *Brown* v. *Matthews*, 117 Mass. 506, while the only point decided is that the petitioner had sufficiently proved that he was in possession, the titles claimed by the parties appear to have been from distinct grantors, and, in making the decree that the respondent should bring an action, the court in no way passed upon the inquiry which was the better title.

The object of the St. of 1852, *c.* 312, §§ 52, 53, (Pub. Sts. *c.* 176,) is to quiet the titles of those in possession of real property. If the alleged adverse claimants disclaim title, they are entitled to recover their costs; if they assert it, the court may make such decree respecting the bringing and prosecuting an action "as may seem equitable and just." The difficulties that attend the attempt of a party in possession to try the asserted right of an adverse claimant thereto are serious. While he may treat the adverse claimant, at his election, as a disseisor, and himself bring an action to try the title, he can only do so by abandoning his possession during the pendency of the action. *Munroe* v. *Ward*, 4 Allen, 150. To compel the petitioner to prove that his title is better than that of the respondent, to the satisfaction of this court, to which this petition must be addressed, when

that question must afterwards be fully tried in the Superior Court, can hardly have been the intention of the statute. It is sufficient if such a case is presented at the hearing in this court as shall satisfy the presiding judge, in the exercise of his discretion, that it is equitable and just that the respondent should bring an action to establish his claim, or should relinquish it.

It is not of importance that the title asserted by the petitioner rests upon an alleged open and exclusive adverse possession of more than twenty years, and is a title by disseisin, while that of the respondent is what is often termed a paper title. When established, each is of full force and validity. A title by disseisin is not necessarily a wrongful one, nor is it to be thus presumed. As between a petitioner in possession and a respondent, each claiming under deeds from different parties, it would not be necessary for the court to decide which had the better chain of title, but only to determine whether the possessor of the estate had shown such a title as, in its discretion, entitled him to have the validity of his title decided; so, when the petitioner in possession claims by disseisin, the same discretion should be exercised, not that a wrongful disseisor may be aided, but that disputes as to the title may be quieted.

It is said that the respondent claims only two thirds of the premises; and that, as the claimant of the other third is out of the State, she could not be ordered to bring an action. *Macomber* v. *Jaffray*, 4 Gray, 82. The respondent therefore contends, that, as the possession of one tenant in common is the possession of all, the other tenant may have made an entry or done some act which may have defeated the petitioner's alleged possession. *Allen* v. *Holton*, 20 Pick. 458. If this be so, it is a matter to be proved at the trial when action shall be brought. It ought not to prevent the petitioner from seeking, and, if the court shall deem proper, obtaining, an order that the respondent shall bring such action. *Decree affirmed.*