ORTHODOX CONGREGATIONAL SOCIETY *vs.* INHABITANTS OF
GREENWICH.

Hampshire.    Sept. 20. — Oct. 20, 1887.   C. ALLEN & HOLMES, JJ.,
absent.

At the hearing upon a petition, under the Pub. Sts. *c.* 176, to compel the respondent
to bring an action to try his alleged title to a parcel of land, the question of title
to the land cannot be adjudicated, but only the question whether the petitioner
has shown that he is in possession of the land, claiming an estate of freehold
therein.

At the hearing upon a petition, brought in 1885, under the Pub. Sts. *c.* 176, by a
religious society, to compel the town in which it was located to try its alleged
title to the land on which the meeting-house stood, it appeared that the meeting-
house was built in 1828 by the town upon a portion of the common belonging
to the town; that, by a vote of the town, it was "to be used as a town-house
and place for public worship," and the town held its meetings in it up to 1855,
when a new town-house was built; that, during this period, several religious
societies occupied the building on Sundays by permission of the town; that,
since 1855, the building had not been used for the general purposes of a town-
house; that the audience-room had been used for religious services solely, ex-
cept that since 1880 it had been used on seven or eight occasions for public
entertainments; that the town had from time to time expended money for re-
pairs of the meeting-house, both inside and outside; that after 1855, as before,
the petitioner, since its incorporation in 1865, and the religious society which
preceded it, occupied the audience-room by the permission of the town; that
the town kept up the old customs of ringing the bell at noon and of tolling it
when deaths occurred; and that it had always had access to the vestibule of the
meeting-house for these purposes. There was no evidence that this was by
the permission of the petitioner, and no evidence of any ouster of the town by
the petitioner; and no claim of title adverse to the town was made by the peti-
tioner until 1885, when it voted to contest any claim made to the meeting-house
adverse to the petitioner. *Held,* that the petitioner had not shown such an
exclusive possession as entitled it to maintain the petition.

PETITION, dated October 17, 1885, under the Pub. Sts. *c.* 176,
to compel the respondent to bring an action to try its alleged
title to a parcel of land in Greenwich. Hearing before *Holmes,*
J., who reserved the case for the consideration of the full court.
The facts appear in the opinion.

*F. P. Goulding & E. H. Vaughan,* (*W. G. Bassett* with them,)
for the petitioner.

*D. W. Bond,* for the respondent.

MORTON, C. J.    Under the Pub. Sts. *c.* 176, "any person in
possession of real property, claiming an estate of freehold therein

or an unexpired term of not less than ten years, may file a petition in the Supreme Judicial Court " against any person making an adverse claim, praying that such person may be summoned to show cause why he should not bring an action to try his alleged title.

The object of the proceeding is not to try the title to the real property; the court cannot make any decree, unless the respondent makes default, which will operate as a conclusive adjudication of the title of either party. If the petitioner prevails, the question of title must be tried in an action at law, brought and prosecuted under such conditions as this court may deem equitable and just.

We cannot in this case, therefore, express any opinion upon the question of the title to the real property in controversy. The only question properly before us is whether the petitioner has shown that it is in possession of the land, claiming an estate of freehold, so as to be within the statute.

It has always been held that, in the provision that " any person in possession of real property claiming an estate of freehold " may bring his petition, the statute contemplates an exclusive and adverse possession which works a disseisin of the respondent; and that, in cases where there is a joint or mixed possession, the petition cannot be maintained. *Tompkins* v. *Wyman,* 116 Mass. 558. *India Wharf* v. *Central Wharf,* 117 Mass. 504. *Leary* v. *Duff,* 137 Mass. 147.

In the case before us, most of the facts stated in the elaborate and interesting report of the master bear only upon the question of title. These we need not consider. But upon such of the facts as touch the question of possession, we are of opinion that the petitioner has not shown a case which entitles it to maintain this petition.

The meeting-house in question was built in 1828, by the town, upon a portion of the common belonging to the town. By the vote of the town, it was " to be used as a town-house and place for public worship," and the town held its meetings in it up to 1855, when a new town-house was built. During this period, several religious societies occupied the building on Sundays by permission of the town. Since 1855, the building has not been used for the general purposes of a town-house; the audience-

room has been used for religious services solely, except that since 1880 it has been used for "a juvenile concert, one or two public readings, Decoration-day services on two occasions, and two public lectures." The town has from time to time expended money for repairs of the meeting-house, both inside and outside; and the evidence shows that after 1855, as before, the petitioner, since its incorporation in 1865, and the religious society which preceded it, occupied the audience-room by the permission and license of the town. No claim of title adverse to the town appears to have been made by the petitioner until October, 1885, when it voted to contest any claim made to the meeting-house adverse to the petitioner. It further appears, that the town keeps up the old customs of ringing the bell at noon, and of tolling it when deaths occur, and that it has always had access to the vestibule of the meeting-house for these purposes. There is no evidence that this was by the permission of the petitioner. On the contrary, it was an adverse possession and a daily use of a part of the premises by the town, claiming to be the owner. There is no evidence of any ouster of the town by the petitioner.

Upon these facts, we are of opinion that there was a mixed possession; and that the petitioner has not such an exclusive possession as entitles it to maintain this petition. There is no reason why the respondent, rather than the petitioner, should be ousted and compelled to bring an action at law to try the title.                              *Petition dismissed.*