EDWARD S. MARSHALL, Petitioner, vs. WILSON M. WALKER.

York.    Opinion January 12, 1900.

*Quieting Title.    Flats.    Possession.    R. S., c. 104, § 47.*

Revised Statutes, c. 104, § 47, provide as follows:  Sec. 47.  "A person in pos-session of real property, claiming an estate of freehold therein or an unex-pired term of not less than ten years, may file a petition in the supreme judicial court, setting forth his estate, whether of inheritance, for life, or for years, describing the premises, averring that he is credibly informed and believes that persons named in the petition make some claim adverse to his estate, and praying that such persons may be summoned to show cause why they should not bring an action to try their alleged title.  A person in the enjoyment of an easement is in possession of real property within the mean-ing and for the purposes of this section."

The plaintiff alleged in his petition, under this statute, that he is in possession of certain upland and flats, claiming an estate of freehold therein, to wit, a fee simple, and that he is credibly informed and believes that defendant claims title in fee to a part thereof, describing it, wherefore he prays that defendant may show cause why he should not bring an action to try his title thereto.  Defendant did so by interposing a general demurrer at the first term, which was overruled and he has exception.

*Held;* that the plaintiff, to maintain his petition, must aver and prove that he is in possession of land, claiming a freehold therein.  He does so aver, and the defendant admits it by demurrer, insisting that flats are not subject to posses-sion, and therefore the averment of possession of them is the averment of an impossibility and self-destructive.  If this were so, the petition might still be maintained as to the upland and the demurrer for that reason should fail.  But it is not so.  Flats are subject to possession.  They may not have been reduced to possession or they may have been.  The plaintiff's averment is that they have been, and that is admitted by demurrer.

*Held;* that the petition should be allowed as to so much of the upland and flats as are shown to be wholly in possession of the plaintiff and to none other.

ON EXCEPTIONS BY DEFENDANT.

This was a petition inserted in a writ, brought under R. S., c. 104, §§ 47 and 48, to compel the respondent to bring an action to try the title, which it is alleged he claims, to certain real estate described in the petition.    At the return term the respondent filed a general demurrer, which the presiding justice overruled, and or-

dered the defendant to answer, to which the defendant duly excepted.

The case appears in the opinion.

*G. C. Yeaton, J. C. Stewart,* and *F. D. Marshall,* for plaintiff.

*H. M. Heath, C. L. Andrews; H. W. Gage* and *C. A. Strout,* for defendant.

The owner of land in possession, who finds some party entering upon his premises and interfering with his use thereof, in what he considers an unlawful manner, no matter what his claim may be, may bring an action at law at once, and fully protect his rights; and now if a claim is made which constitutes a cloud upon his title, equity affords a complete and full remedy, and as said by VIRGIN J., "in such cases equity gives the fullest power to remove the cloud, which under the present rules is a much more prompt and complete remedy than that of compelling the holder to bring his action at law." *Poor* v. *Lord,* 84 Maine, 98; *Loring* v. *Hildreth,* 170 Mass. 332.

And the remedy under the statute is not so adequate and complete as to supersede a remedy in equity. *Hinchley* v. *Greany,* 118 Mass. 598; *Loring* v. *Hildreth,* 170 Mass. 328.

The statute was never intended to furnish a petitioner having a defective title, and which it might be difficult to establish, with a means of shifting the burden of proof upon another claimant to the same land, and as Holmes, J., says in a case upon a similar petition "in a case like this the burden of proof may determine the substantive right, and there is no reason why this court should shut its eyes to the possibility." *Slater* v. *Manchester,* 160 Mass. 473.

In a similar course the court dismissed the petition, and said he might maintain a bill in equity, and "it is true that the burden of proof will be upon him to show the extent of his ownership; but this is no objection to leaving him to pursue a remedy in his own name, instead of seeking to compel the respondent to go forward." *Clouston* v. *Shearer,* 99 Mass. 213.

If the mere swearing that he claimed the title was not enough, and he must show some ownership, prima facie at least, that if it

is necessary to prove ownership, or in fact anything more than a mere claim, it must be necessary to allege it.

It is not sufficient that the petition follows the precise language of the statute. *Com.* v. *Bean,* 11 Cush. 414; S. P. 14 Gray, 52; *State* v. *Lashus,* 79. Maine, 541; *State* v. *Learned,* 47 Maine, 426; *State* v. *Mace,* 76 Maine, 64; *Barter* v. *Martin,* 5 Maine, 76; *State* v. *R. R. Co.,* 76 Maine, 412.

Actual exclusive possession necessary. *Boston Mfg. Co.* v. *Burgin,* 114 Mass. 340; *Munroe* v. *Ward,* 4 Allen, 152; *Dewey* v. *Bulkley,* 1 Gray, 416; *Tompkins* v. *Wyman,* 116 Mass. 561.

If the possession appears to be mixed or doubtful, the petitioner has not made out a case that the respondent rather than himself should institute an action to try the title. *India Wharf* v. *Central Wharf,* 117 Mass. 504. The statute contemplates an exclusive and adverse possession; unless so, there is no reason why the respondent rather than the petitioner should be ousted, and compelled to bring an action at law to try the title. *Orthodox Society* v. *Greenwich,* 145 Mass. 112.

The petition does not show such exclusive and adverse possession. Title merely as in this case of flats, over which the tide ebbs and flows, is not sufficient to maintain a petition. *Boston Mfg. Co.* v. *Burgin,* supra.

The premises also include a town way. The extent of the town's right in the land covered by the way does not appear. It may be the fee itself, or perhaps a less estate by location; but these rights are adverse to an absolute, exclusive right in the petitioner. His allegations are inconsistent. Nor could respondent's rights be any greater, and as he could not be required to bring an action to try his title, therefore the petition cannot lie. *Tisdale* v. *Brabrook,* 102 Mass. 374; *May* v. *N. E. R. R.,* 171 Mass. 369.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, FOGLER, JJ.

HASKELL, J. This is a petition under R. S., c. 104, § 47, to quiet title to land. The plaintiff alleges that he is in possession of

certain upland and flats, describing them, claiming an estate of freehold therein, to wit, a fee simple, and that he is credibly informed and believes that defendant claims title in fee to a part thereof, describing it; wherefore he prays that defendant show cause why he should not bring an action to try his title thereto. Defendant does so by interposing a general demurrer at the first term, which was overruled and he has exception.

The plaintiff, to maintain his petition, must aver and prove that he is in possession of land, claiming a freehold therein. He does so aver, and the defendant admits it by demurrer, insisting that flats are not subject to possession, and therefore the averment of possession of them is the averment of an impossibility and self-destructive. If this were so the petition might still be maintained as to the upland, and the demurrer for that reason should fail; but it is not so, flats are subject to possession. They may not have been reduced to possession, or they may have been. Plaintiff's averment is that they have been, and that is admitted by demurrer. A wharf or other structure built upon flats certainly reduces them to possession. So inclosing them by a weir seems to do the same. *Treat* v. *Chipman*, 35 Maine, 34. Other acts of dominion over them may count for possession. But after all, the question is one of fact, to be decided by plea and proof, and not ordinarily one of pleading. Upon answer below, denying the plaintiff's possession, he must prove his allegation of possession in order to maintain his petition; and he can only maintain it as to so much of the locus described therein as he shows to have been in his possession with claim of title thereto. He cannot maintain his petition, as he could a writ of entry, on proof of title and right of entry, but he must go further and show not only the entry, but the actual retention of the possession. The statute is to quiet possession, and not to cast the burden of proof upon one of two claimants to land, neither of whom have possession or perhaps title. He who begins the litigation must and ought to carry the burden of proving title.

The remedy here sought is given to a person having possession, meaning actual possession, exclusive possession and not a mixed possession enjoyed in common with others who may rightly use the

premises. The owner of the upland is presumed to own the adjacent flats. The presumption, however, may be disproved, for the owner of the upland may convey it without the flats, or the flats without the upland.

The seashore primarily belonged to the Crown as a jus publicum in trust for the people. It may be held by the subject, but his jus privatum is charged, nevertheless, with the jus publicum. This is so, whether title thereto be set up under the grant from Charles I to Sir Ferdinando Gorges, or by virtue of the Colonial ordinance of 1641 as modified in 1647. That ordinance has become a part of our common law, and by it, the proprietor of the main holds the shore to low water not exceeding one hundred rods. He holds it in fee, like other lands, subject, however, to the jus publicum, the right of the public to use it for the purposes of navigation and of fishery, not, however, to interfere with his right of exclusive appropriation that shall not unreasonably impede navigation by filling and turning it into upland, or by building wharves or other structures upon it, so that necessarily the public would be excluded thereby. Their right remains so long as it be left in a natural state, covered by the flow of the tide and left bare by its ebb. *Moulton* v. *Libbey*, 37 Maine, 472; *Deering* v. *Prop. of Long Wharf*, 25 Maine, 51; *Moore* v. *Griffin*, 22 Maine, 350; *King* v. *Young*, 76 Maine, 76; *Babson* v. *Tainter*, 79 Maine, 368; *Snow* v. *Mt. Desert Co.*, 84 Maine, 14; *Abbott* v. *Treat*, 78 Maine, 121; *Barrows* v. *McDermott*, 73 Maine, 441; *Partridge* v. *Luce*, 36 Maine, 16; *McFadden* v. *Haynes & Dewitt Ice Co.*, 86 Maine, 319; *Gerrish* v. *Prop. of Union Wharf*, 26 Maine, 384.

As we have seen, flats may be owned by an individual in fee. He may appropriate them, within the limits of law, to his exclusive use and possession. When not so appropriated his possession is constructive rather than actual. He has the right of entry and the right of actual possession, if he choose to exercise it. Until he does the jus publicum remains. Others may sail over them, may moor their craft upon them, may allow their vessels to rest upon the soil when bare, may land and walk upon them, may ride or skate over them when covered with water bearing ice, may fish in

the water over them, may dig shell fish in them, may take sea manure from them, but may not take shells or mussel manure or deposit scrapings of snow upon the ice over them.   And while the public may enjoy all these rights in common with the owner, it cannot be said that he alone retains the actual possession.   True, he may maintain trespass for unlawful entry thereon, or trespass on the case for obstructing his rights of fishery, or a writ of entry against a disseizor, upon the strength of adverse possession held by entry under color of title to both upland and flats, even if he does not actually occupy all the flats.   *Clancey* v. *Houdlette*, 39 Maine, 451; *Treat* v. *Chipman*, 35 Maine, 34; *Duncan* v. *Sylvester*, 24 Maine, 482; *Brackett* v. *Persons Unknown*, 53 Maine, 228–238.

But where the actual occupation has not been gained and kept, and the owner and the public enjoy rights in common, it cannot be said that the owner's possession is actual, although in law it may be so considered for the purpose of creating a seizin or disseizin sufficient to ground actions upon.   Thus in *Prescott* v. *Nevers*, 4 Mason, 326, the court says:   "I take the principle of law to be clear that where a person enters upon land under a claim of title thereto by a recorded deed, his entry and possession are referred to such title; and that he is deemed to have seizin of the land co-extensive with the boundaries stated in his deed, when there is no open adverse possession of any part of the land so described in any other person."

Again in *Little* v. *Megquier*, 2 Maine, 176, the court says: "Though the deed may not convey the legal title, still the possession of a part of the land described in it under a claim of the whole and as a disseizin of the true owner is equivalent to an actual and exclusive possession of the whole tract unless controlled by other possessions."

Again in *Putnam Free School* v. *Fisher*, 34 Maine, 177, the court says:   "If he (the tenant) entered under a deed recorded, claiming title to the land and had a visible possession of a part of it, such entry and possession would be a disseizin of the true owner of the whole tract described in the deed.   *Prop. of Kennebec Purchase* v. *Laboree*, 2 Greenl. 275.   And in contemplation of law he

would have possession of the whole parcel, and it would be as effectual as actual possession." In *Bailey* v. *Carleton*, 12 N. H. 15, it is held that entry under color of title works constructive possession of the whole premises.

Again in *Treat* v. *Strickland*, 23 Maine, 243, the court says : " The grantees have been in possession of lands under deeds recorded. This would have the effect to disseize others, and to give them a seizin of the flats according to the bounds named in the deed whether they actually occupied the flats or not."

Again in *Brackett* v. *Persons Unknown*, 53 Maine, 231, the court says: "As a general rule, the title acquired by an entry under a defective deed and a continued disseizin for more than twenty years is the same in extent as if the conveyance had been valid." In that case the entry was upon upland and flats adjoining by maintaining a wharf upon a portion of the flats.

In all these cases relating to flats, it will be seen that actual occupancy, or actual possession, which is the same thing, is not a necessary element to seizin or disseizin as the foundation for an action at law arising therefrom. A constructive possession will answer. Otherwise the true owner might be remediless at common law to assert his title, for there are various kinds of real property that may not conveniently be reduced to actual possession or occupation.

The statute under which this proceeding is had was borrowed from Massachusetts, where it was made to relieve against a supposed defect in the common law that did not allow one in possession of land to sue for its recovery from a person claiming title to it, without first surrendering the possession, because a mere right of entry would not work a disseizin of the one in possession.

The statute, by proper application, may serve a useful purpose in quieting titles for those in actual possession, who may be threatened with vexatious claims never meant to be enforced but held as a menace and threat, thereby working much annoyance and perhaps injuring the value of the estate.

The statute should only apply to those actually in possession of land, taking the emblements thereof. Of course, the occupation

of a part of a tract, under claim to the whole, would suffice, if the possession of the residue be not mixed, or in common with others. There should be no other possession of any part of the tract. The petitioner's possession should be all the possession there is, whether actual or constructive.

According to this view, the petition should be allowed as to so much of the upland and flats as are shown to be wholly in the possession of the plaintiff, and to none other.

The statute received construction from Massachusetts prior to its enactment here. It was enacted here in 1883, but in 1862 a petition was sought to be maintained in Massachusetts upon a paper title to flats without any continuous possession, which was dismissed, the court saying: " But it is only where there is an actual possession and taking of profits that the provisions of the statute are necessary, and the construction heretofore given to it has limited it to cases of such possession. *Hill* v. *Andrews*, 12 Cush. 185; *Dewey* v. *Bulkley*, 1 Gray, 416 ;" *Munroe* v. *Ward*, 4 Allen, 150.

In *Boston Mfg. Co.* v. *Burgin*, 114 Mass. 340, the court says: "One rule is that the petitioner must show an actual possession and taking of the profits. Title merely, as in the case of flats over which the tide ebbs and flows, is not sufficient. Another rule is that a respondent will not be required to bring a suit unless it is made to appear that the right which he claims can be fairly and conclusively tried by such a suit as may be directed.

" Where the petitioner is not in exclusive possession it has always been held that this proceeding cannot be maintained." *Leary* v. *Duff*, 137 Mass. 149. If between the parties the possession appears mixed or doubtful, the petition cannot be maintained. The petitioner's possession should be practically exclusive. *Tompkins* v. *Wyman*, 116 Mass. 558; *Bowditch* v. *Gardner*, 113 Mass. 315; *Orthodox Society* v. *Greenwich*, 145 Mass. 112.

As before noticed, the possession of flats may become practically exclusive by the building of wharves or other structures, by inclosing flats within a permanent weir, or by any reasonable exclusion of the public from the exercise of their right of jus publicum. *Brackett* v. *Persons Unknown*, 53 Maine, 228; *Treat* v. *Chipman*,

35 Maine, 36; *Thornton* v. *Foss*, 26 Maine, 402; *Clancey* v. *Houdlette*, 39 Maine, 451. See *Deering* v. *Prop. of Long Wharf*, 25 Maine, 51; *State* v. *Wilson*, 42 Maine, 9.

Controversies over flats are frequently between the exercise of jus publicum and jus privatum. The one is an easement, the other a fee. They are not inconsistent interests. Judgment at law as to the title would not exclude the exercise of the easement or destroy it. *Stetson* v. *Veazie*, 11 Maine, 408. In such cases the proceeding here sought would not settle the controversy, and should not therefore be granted. *Boston Mfg. Co.* v. *Burgin*, 114 Mass. 340.

True, the statute says, "a person in the enjoyment of an easement is in possession of real property within the meaning and for the purposes of this section."

The law considers the owner of an easement to be always possessed of it. He cannot be dispossessed. It is incorporeal, intangible, and cannot be recovered by action at law. The enjoyment of an easement may be disturbed, and the legal remedy is case for damages. The statute must mean, therefore, that one in the actual enjoyment of an easement may have the statute remedy, to compel the owner of the fee to sue for the supposed trespass, who would not then have the exclusive possession of the land himself. *Duncan* v. *Sylvester*, 24 Maine, 482.

Our own cases construing this statute, though not much in point, are *Oliver* v. *Look*, 77 Maine, 585; *Webster* v. *Tuttle*, 83 Maine, 271; *Poor* v. *Lord*, 84 Maine, 98. Possession is requisite to maintain this petition. *Pierce* v. *Rollins*, 83 Maine, 178.

*Exceptions overruled. Defendant to answer.*