JAMES HOPKINS SMITH, Petitioner,

*vs.*

ALBERT H. LIBBY, et als.

Cumberland.    Opinion March 30, 1906.

*Petition to Quiet Title. Easement. R. S., c. 106, § 47.*

In a petition asking that the defendants be summoned to show cause why they should not bring an action to try their claim of title to the premises therein described, by virtue of sec. 47 of chap. 106, R. S., it appeared from the allegations that the right claimed by the defendants was a right of way or an easement to pass and repass over it, but it was not shown by any averment in the petition, or otherwise made to appear from the record, that there was ever any such interruption of or interference with the defendants' easement as would lay the foundation for an action on the case for damages.

*Held:* That this statute contemplates an exclusive and adverse possession which works a disseizin of the defendant, and that in cases where there is a joint or mixed possession, the petition cannot be maintained ; that the defendant will not be required to bring a suit unless it is made to appear that the right which he claims can be fairly and conclusively tried by such a suit as may be directed, and that in this case it is not shown that there is any form of action which the court could order or which the defendants can bring that will determine the respective rights of the parties.

On exceptions by plaintiff. Overruled.

Petition under Revised Statutes, chapter 106, section 47, asking

that the defendants, Albert H. Libby, Ann G. Kimball, Henry Adamson, Clara E. Anderson, Arthur S. Anderson, Robert H. Anderson, Wilbur A. Anderson, the Town of Falmouth and persons unknown, "claiming either individually or as citizens or residents of said Town of Falmouth, or as members of the public," be summoned to show cause why they should not bring an action to try their claim of title to the premises therein described.

The defendants, Albert H. Libby, Ann G. Kimball and Henry Adamson each filed a motion, identical in substance, to dismiss the petition, the motion filed by Ann G. Kimball being as follows: "And now comes the said Ann G. Kimball and says that the petitioner ought not to have and to maintain his said petition, and that the prayer thereof ought not to be granted, because, she says, as appears from the allegations of the said petitioner in his said petition, the right which the respondent claims in the premises of the petitioner as set forth and described in his said petition is a right to pass and repass over said premises, to wit, an easement of a right of way therein; and, because there is no form of action which the court can order, or which the respondent can bring that will determine the respective rights of the petitioner and respondent.

" Wherefore the respondent prays that the petitioner's said petition may be dismissed for the foregoing reasons, all of which appear upon the record, and that the respondent may be allowed costs."

A hearing was had upon these motions at the April term, 1905, of the Supreme Judicial Court, Cumberland County, and the presiding Justice sustained the motions and the petition was dismissed as to the defendants, Albert H. Libby, Ann G. Kimball and Henry Adamson, and thereupon the plaintiff excepted.

The case appears in the opinion.

*Symonds, Snow, Cook & Hutchinson,* for plaintiff.

*Carroll W. Morrill,* for defendants, Albert H. Libby, Ann G. Kimball and Henry Adamson.

*N. B. & H. B. Cleaves & S. C. Perry,* for defendant Town of Falmouth.

*Edwin E. Heckbert,* for defendants, Clara E. Anderson, Arthur S. Anderson, Robert E. Anderson and Wilbur A. Anderson.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

WHITEHOUSE, J.    This was a petition asking that the defendants be summoned to show cause why they should not bring an action to try their claim of title to the premises therein described.    It is founded on section 47 of chapter 106 of the Revised Statutes, which provides as follows:    " A person in possession of real property, claiming an estate of freehold therein or an unexpired term of not less than ten years, or a person who has conveyed such property or any interest therein with covenants of title or warranty, upon which he may be liable, may, if he, or those under whom he claims, or those claiming under him, have been in uninterrupted possession of such property for ten years or more, file a petition in the Supreme Judicial Court setting forth his estate, stating the source of his title, describing the premises and averring that an apprehension exists that persons named in the petition, or persons unknown claiming as heirs, devises or assigns or in any other way, by, through or under a person or persons named in the petition, claim, or may claim, some right, title or interest in the premises adverse to his said estate; and that such apprehension creates a cloud upon the title and depreciates the market value of the property; and praying that such persons be summoned to show cause why they should not bring an action to try their title to the described premises.  . . . .  A person in the enjoyment of an easement is in possession of real property within the meaning and for the purpose of this section."

The petitioner represents that he has an estate in fee simple in the property described in his petition ; that for more than ten years he and those under whom he claims, have been in uninterrupted possession of it, and that "an apprehension exists that the defendants claim a right to pass and repass over said property adverse to his said estate, and that such apprehension creates a cloud upon the title and depreciates the market value of said property."

The defendants filed a motion to dismiss the petition on the ground that it appears from its allegations that the right claimed by the defendants in the real estate described, is a right of way or an ease-

ment to pass and repass over it, and that there is no form of action which the court can order or which the defendants can bring that will determine the respective rights of the parties.

The presiding judge sustained the motion and dismissed the petition as to these defendants. The case comes to the Law Court on the petitioner's exceptions to this ruling.

It is the opinion of the court that this ruling was correct and that the exceptions must be overruled.

It is not shown by any averment in the petition, or otherwise made to appear from the record, that there has ever been any such interruption of or interference with the defendants' easement as would lay the foundation for an action on the case for damages. A writ of entry could not be maintained by the defendants, because they have no seizin of the land. There is no incompatibility between the petitioners' ownership of the estate in fee simple, and the defendants' right to an easement to pass and repass over it. " The fee in the land is to be regarded as distinct from an easement in the same. The fee may be in one and the easement in another. The demandant, having the fee, is entitled to recover, notwithstanding the tenant may have an easement in the passage way." *Blake* v. *Ham*, 50 Maine, 311; *Nicholson* v. *Railroad Co.*, 100 Maine, 345.

Inasmuch then as the defendants have remained undisturbed in the enjoyment of their easement, and their legal rights have in no respect been violated, it is difficult to see on what ground they can reasonably be required to commence any action at law or in equity, to establish their right or quiet their title.

The section of the statute above quoted upon which the petition is founded is substantially a reenactment of the Massachusetts statute of 1852, the construction of which has often been brought in question before the courts of that State. In *Orthodox Cong. Soc'y* v. *Greenwich*, 145 Mass. 112, the court say: "Under the public statutes 'any person in possession of real property claiming an estate of freehold therein. . . . . may file a petition . . . . against any person making an adverse claim.' . . . . It has always been held that this statute contemplates an exclusive and adverse possession which works a disseizin of the respondent; and that in

cases where there is a joint or mixed possession, the petition cannot be maintained." See also *Marshall* v. *Walker,* 93 Maine, 532.

But the precise question here involved appears to have been directly raised and determined in *May* v. *New England R. R. Co.* 171 Mass. 367. In that case there was a petition to compel the defendant company to bring an action to try its alleged title to a strip of land which the petitioner claimed to own in fee, but in which the defendant company claimed to have an easement by virtue of the location of its railroad; and it was held that one who has only an easement and who does not complain that his rights have been interferred with, cannot be compelled under the statute in question, to bring an action at law or a suit in equity to try his alleged right. In the opinion the court say: "We are not aware of any previous instance where one whose only claim was a right to an easement has been required to institute proceedings to try its extent or validity. It has usually been assumed that the action contemplated by the statute is a writ of entry, or possibly an action of tort in the nature of trespass. In the present case, the respondent could not maintain a writ of entry, having no seizin of the land; nor trespass, being out of possession." A respondent will not be required to bring a suit unless it is made to appear that the right which he claims can be fairly and conclusively tried by such a suit as may be directed. *Boston Manuf. Co.* v. *Burgin,* 114 Mass. 340. Usually the order specifies the form of process to be brought, but no form of process was specified in this case, and none to which the respondent can resort, upon the facts which now exist, has been pointed out and none occurs to us. This view is confirmed when we consider that the petitioner is under no such disability. We see no jurisdictional reason to prevent him from maintaining a bill in equity to remove a cloud upon his title, and in this way having his boundary line determined. It is true that the burden of proof will be upon him to show the extent of his ownership; but this is no objection to leaving him to pursue a remedy in his own name, instead of seeking to compel the respondent to go forward.

The entry must accordingly be,

*Exceptions overruled.*