ZACHARIAH F. SILSBEE & others *vs.* CITY OF SALEM.

On a petition under the Gen. Sts. *c.* 134, §§ 49, 50, to quiet the title to land, the respond-
ents answered, claiming title, and a decree was made for them to bring an action in the
superior court " to try their title " to the premises, " and that the same be duly prosecuted
to final judgment." They thereupon brought such an action; but, when it came on for
trial, they produced no evidence, the superior court ordered a nonsuit, and they alleged
no exceptions. *Held,* that the respondents had disobeyed the lawful order of the court,
and the petitioners were entitled to a further decree that the respondents " be forever
debarred and estopped from having or claiming any right or title, adverse to the petition-
ers," in the land.

PETITION filed December 8, 1866, under the Gen. Sts. *c.* 134,
§§ 49, 50,* to quiet the title to a parcel of land on Forrester
Street in Salem, of which the petitioners alleged that they were
in possession and were seised in fee simple. The answer de-
nied their seisin and possession; and alleged that on the con-
trary the respondents were seised and possessed of the land.

On a hearing at April term 1868, a decree was made, that,
" it appearing to the court that the petitioners were, at the time
of the commencement of said petition, in possession of the

---

* § 49. " Any person in possession of real property, claiming an estate of
freehold or an unexpired term of not less than ten years, may file a petition in
the supreme judicial court setting forth his estate, whether of inheritance, for
life, or years, describing the premises, averring that he is credibly informed and
believes that the respondent makes some claim adverse to the estate of the peti-
tioner, and praying that he may be summoned to show cause why he should not
bring an action to try the alleged title. Thereupon the court shall order no-
tice to be given to the respondent; and, upon return of the order of notice,
duly executed, if the respondent so summoned makes default, or, having ap-
peared, disobeys the lawful order of the court to bring an action and try the
title, the court shall enter a decree, that he be forever debarred and estopped
from having or claiming any right or title adverse to the petitioner, to the
premises described. If the petitioner prefers, such a petition may be inserted
like a declaration in a writ, and served by copy like a writ of original sum-
mons."

§ 50. " If the respondent appears and disclaims all right and title adverse to
the petitioner, he shall recover his costs. If he claims title, he shall by answer
show cause why he should not be required to bring an action and try such title;
and the court shall make such decree respecting the bringing and prosecuting
of such action as may seem equitable and just."

premises described in said petition, claiming an estate of free-
hold therein, and that the respondents claim a title therein ad-
verse to said title of said petitioners, it is ordered and decreed by
the court, that said respondents be and they are hereby required
to bring an action to try their title to said described premises;
and it is ordered that in said action the said respondents shall
count upon their own seisin of said premises and shall allege a
disseisin by said petitioners; and that said action be brought by
writ returnable to the superior court for the county of Essex,
and be commenced before the first day of August next; and
that the same be duly prosecuted to final judgment;" and for
the continuance of the petition meanwhile.

On a further hearing at April term 1869, it appeared that
" prior to August 1, 1868, a writ of entry in common form was
brought by the respondents against the petitioners, to recover
the land in question, returnable at the next (September) term of
the superior court, and, at the March term of said court, the
case coming on for trial, and no evidence being produced by the
plaintiff, the court ordered a nonsuit." The petitioners there-
upon moved for a further decree " that the respondents be for-
ever debarred and estopped from having or claiming any right
or title adverse to the petitioners, to the said premises;" and
*Colt,* J., reserved for the determination of the full court the ques-
tion whether this motion should be granted.

*S. B. Ives, Jr.,* for the petitioners.

*J. A. Gillis,* for the respondents. 1. Admitting that the court
had power to pass the original decree, the statute does not pro-
vide for the case which has arisen. Gen. Sts. *c.* 134, §§ 49, 50.
The respondents appeared, claimed title, and subsequently
brought action and tried the title so far as they were able to do
so when the case was reached. It does not appear that they
" disobeyed " the order of the court, and it is only in the case
of such disobedience that a decree can be made estopping them
from further claim. It is no answer to say that the petitioners'
title is not quieted. That fact will not cure a defect in the
statute.

2. But such a decree as is asked for can only be made in case a "lawful" order of the court is disobeyed; and the original decree was not such a lawful order. The respondents, being required to bring a writ of entry, are obliged to admit that they are disseised and out of possession, whereby they might be greatly prejudiced, and perhaps obliged to give up their whole case in advance, as for instance in a case where neither party might have any other title than possession. Gen. Sts. c. 134, § 2. It is not enough that the question of possession has been passed upon by a justice of this court. The respondents have a right to submit this question to a jury.

CHAPMAN, C. J. The respondents have obeyed the order of the court so far as to bring an action; but they have not proceeded to try the title. The case came on for trial, and, as they produced no evidence, the court ordered a nonsuit. According to our practice, such an order against a party in court was irregular; but, as no exception was taken, the respondents must be regarded as having assented to it.            *Motion granted.*