ALBERT BROWN & another *vs.* NATHAN MATTHEWS.

Suffolk.  March 3. — May 8, 1875.  MORTON & ENDICOTT, JJ., absent.

On a petition under the Gen. Sts. *c.* 134, § 49, to compel the respondent to bring an action to try his title to a parcel of land, formerly flats and partially covered by water, the petitioner, who claimed title under a quitclaim deed made in 1870 by a corporation which had filled the flats in 1867, put in evidence that down to the time of the deed the land remained vacant and unoccupied; that soon after the petitioner put some building stone on the premises, and, shortly before filing the petition, caused a fence to be put up on two angles of the lot, and at the same time ordered a fence put up by some one else to be removed; and that he had paid the taxes from the time of the deed to him. The respondent, who claimed title under a quitclaim deed from a third person given in 1871, put in evidence that he fenced the land twice after his deed, and that these fences were removed before the petition was filed; that the corporation, of which he was president at the time, filled the land because, from its situation, it would have been inconvenient, in filling other land, not to do so, and that the cost of filling was small. *Held*, that on this evidence the judge before whom the petition was heard was warranted in ordering the respondent to bring an action to try his title. *Held, also*, that no reason appeared why the respondent at the trial of that action should not be required to prove the seisin of his grantor.

PETITION, filed April 1, 1873, under the Gen. Sts. *c.* 134, § 49, to compel the respondent to bring an action to try his alleged title to a parcel of land in Boston. The answer disclaimed title

as to a part of the described premises; and, as to the residue, denied the seisin and possession of the petitioners, and alleged that the respondent was seised and possessed thereof. Hearing before *Endicott,* J., who reported the case to the full court in substance as follows:

The petitioners claimed title under a quitclaim deed from the Boston Water Power Company, dated October 7, and recorded October 26, 1870, which by its terms purported to include and convey the disputed premises. The respondent claimed title under quitclaim deeds from the heirs of Robert Ralston, dated February 8, 1871, which purported to convey a strip of land extending southeasterly to the old line of the channel as it existed in the year 1834, and which was claimed by the respondent to include that part of the premises described in the petition not disclaimed in the answer.

It appeared in evidence on behalf of the petitioners that the land in dispute, prior to 1867, consisted of flats partially covered with water; that between the months of April and June, 1867, these flats had been filled with gravel about twelve feet deep, by and at the expense of the Boston Water Power Company, of which corporation the respondent was then president; and that the disputed premises had thereafter continued vacant and unoccupied until the date of the quitclaim deed to the petitioners. Albert Brown, one of the petitioners, also testified that he had deposited, soon after receiving his deed, and in 1870, about two loads of building stone upon the premises, which still remained there, and that he had caused a fence to be put up on two angles of the lot, under advice of counsel, shortly before filing his petition, and that he had at the same time ordered a fence, put up by some one else on the premises, to be removed. He also testified, that a year or more after the date of his deed he had driven piles upon a part of the premises claimed by the respondent; but it appeared upon cross-examination that the land where the piles were driven had been conveyed by him to one McNeil before the filing of the petition, and was not included in the estate therein described. He also testified that he had paid the taxes on the disputed premises from the time of his alleged purchase.

The respondent testified, that on November 5, 1872, he had caused a written notice to be served on McNeil and others to de-

sist from driving piles, or otherwise trespassing on the premises claimed by him under the Ralston deeds ; and that on November 7, 1872, he caused a fence to be put up on the line claimed by him ; that he had caused a similar fence to be put up about six months previously, and that both fences had disappeared before filing this petition. He also testified that he was president of the Boston Water Power Company at the time of the filling of the flats, testified to by the petitioners ; that the premises in dispute were so situated that any attempt to exclude them from the filling would have occasioned great inconvenience, as it would have been necessary to move the rails upon which the gravel was brought; and that the cost of completing the filling of this small tract of land, at the same time the adjoining lands were being filled, and while the temporary track and the gravel trains were available, was inconsiderable.

The respondent requested the court to rule that there was no evidence of such possession of the premises that the court could decree or order the respondent to bring an action to try the title ; but the judge ruled there was such evidence, and found that the petitioners had actual possession of the premises, and were entitled to an order that the respondent bring an action to try his title to said premises claimed by him in his answer; to which ruling the respondent excepted.

The respondent claimed, that, if an order was passed requiring him to bring such an action, by the terms thereof the issue to be tried ought to be limited to the question of title to said premises ; and that the petitioners ought to be required to admit that the grantors of the respondent at the dates of their several deeds to him had a sufficient seisin to pass to the respondent whatever title they had to the premises in controversy. This question also was reserved for the consideration of the full court.

*J. B. Richardson*, for the petitioners.

*A. A. Ranney*, for the respondent.

GRAY, C. J. At the hearing of this petition before a single justice, there was evidence that the land in question, which had previously been flats partly covered with tide water, had been filled up by the Boston Water Power Company, while the respondent was president of that corporation, with gravel to the height of twelve feet, and, thus improved, conveyed by the cor-

poration to the petitioners, who afterwards placed building stones upon the land, and fenced it, and paid the taxes thereon.

These facts, taken in connection with the other evidence introduced by the parties, warranted the conclusion that the petitioners had, and the respondent had not, such a practical *bonâ fide* occupation of the premises as to constitute a substantial and exclusive possession; and that the respondent therefore should be ordered to bring an action to try the title. *India Wharf* v. *Central Wharf, ante,* 504.

No reason is shown why this respondent, upon the trial of that action, should not be required to prove the seisin of his grantors, as well as all other facts necessary to maintain his claim.

It is therefore ordered that he bring a writ of entry against the petitioners, returnable at the next term of the court, and that the petition stand continued meanwhile. *Silsbee* v. *Salem,* 103 Mass. 144.                ° *Ordered accordingly.*