HENRY L. GURNEY & others *vs.* MARY WALDRON & others.

Middlesex.    March 19. — June 25, 1884.    DEVENS & COLBURN, JJ., absent.

Tenants in common of land may be joined as respondents in a petition, under the Pub. Sts. *c.* 176, to compel them to bring an action to try their titles to the land, although their alleged titles are several.

The rights of the petitioner in a petition, under the Pub. Sts. *c.* 176, to compel the respondents to bring an action to try their alleged titles to a parcel of land, are fixed at the time of filing the petition, and are not affected by a subsequent partition of the land between the respondents, or by a disclaimer by one of the respondents founded on that partition, or by a disseisin by the respondents.

At the hearing of a petition, under the Pub. Sts. *c.* 176, to compel an action to be brought to try an alleged title to a parcel of land, if one of the respondents is an insane person under guardianship, the presiding justice may, in the exercise of his discretion, order a decree against such person, if he deems it " equitable and just; " but such decree cannot be ordered as matter of law.

If one of the respondents in a petition, under the Pub. Sts. *c.* 176, to compel an action to be brought to try an alleged title to a parcel of land, files a disclaimer founded on a partition of the land between the respondents subsequently to the filing of the petition, he will take costs only from the date of the answer.

PETITION, filed April 2, 1883, under the Pub. Sts. *c.* 176, against Mary Waldron, Ann McLaughlin, Bridget Wright, John Taffe, Margaret Taffe, an insane person under guardianship, and Oscar T. Lucas, to compel the respondents to bring an ac tion to try their alleged title to a parcel of land in Newton. Lucas was defaulted. John Taffe filed a disclaimer, and the other respondents severally filed answers, Margaret Taffe by her guardian. Hearing before *W. Allen*, J., who reported the case for the consideration of the full court, in substance as follows:

The petitioners put in evidence a mortgage in fee of the premises described in their petition from Michael Taffe to one Franklin M. Pevey, dated August 13, 1874; an assignment of the mortgage to Henry Gurney, dated January 5, 1875; an entry by him on December 13, 1877, under said mortgage, to foreclose the same for breach of condition; a deed under the power of sale contained in said mortgage to one William F. Whittemore, dated May 13, 1879, and a subsequent deed from Whittemore to said Gurney; that Gurney died in March, 1880, intestate, and the petitioners were his heirs at law; and that they had let the premises by parol to Michael Taffe, who occupied the premises as their tenant.

The petitioners, to show that the respondents made claim to the premises described in the petition, put in evidence the record of proceedings in the Superior Court, under a petition for partition, filed November 8, 1878, in which Mary Waldron, Bridget Wright, Ann McLaughlin, and John Taffe were petitioners, and Lucas and Margaret Taffe, by her guardian Michael Taffe, were respondents; by which it appeared that a warrant to commissioners issued in the usual form on April 23, 1879; that said commissioners were sworn on April 30, 1879, but did not make their return until June term 1883; that on June 27, 1883, judgment was entered thereon confirming said partition; and that said return and partition set off by metes and bounds to the respondents the several tracts of land claimed by them in their answers respectively.

The judge found, that the petitioners were in possession of the premises described in their petition, claiming an estate in fee therein; that, at the date of the filing of the petition, all the respondents except Lucas were claiming said premises as tenants in common; that there was at that time pending in the Superior Court a petition for partition of said premises with other land and between the respondents; that judgment for partition was entered therein on June 27, 1883, as above stated; and that, after that date, the respondents Waldron, Wright, McLaughlin, and Margaret Taffe were claiming portions of said premises in severalty, namely, those parts of the lots described in their several answers which fall within the premises described in this petition.

The respondents Waldron, Wright, and McLaughlin offered evidence that they were in possession of the premises assigned to them respectively by the partition after the judgment of partition; and requested the judge to rule that, if they were in possession of such premises at any time before final judgment in this case, it would be a defence. The judge declined so to rule; ruled, upon the facts above found, that the petition could be maintained against the respondents Waldron, Wright, McLaughlin, and Margaret Taffe; and ordered a decree for the petitioners.

*A. C. Vinton*, for the petitioners.

*H. H. Mather*, for Margaret Taffe.

*W. F. Slocum*, for the other respondents.

HOLMES, J.    The Pub. Sts. *c.* 176, expressly contemplate the case of more than one person making a claim adverse to the petitioner, and allow the claimants to be joined as respondents in a petition to settle the title.    As joint titles are rare, and as by the Pub. Sts. *c.* 173, § 7, tenants in common can join in a real action, the reasonable interpretation of the general language of *c.* 176 is, that persons setting up a claim in the same right as tenants in common may properly be joined as respondents in a petition to compel them to sue, notwithstanding the fact that their alleged titles are several.

Again, a petition to compel parties to sue is not necessarily governed by the same rules as the suit itself.    It would seem from the whole scope of the statute, as well as from the fact that the proceeding ends in a decree, not in a judgment, that the act had the analogies of equity in view, rather than those of real actions, and that it took its pattern from bills of peace. The court is to " make such decree respecting the bringing and prosecuting of such action as may seem equitable and just." Hence, even if for any reason all the tenants in common cannot be required to join in one suit, the court may order that the title of all with whom it deals shall abide the result of one action, or that several actions shall be brought by the several respondents when that is necessary to protect their rights.

The petitioners' rights were fixed at the moment the petition was filed.    The fact that proceedings to which they were strangers were then pending between the respondents was no

concern of theirs. They had as much right to proceed when they did, as at any other time. At that moment the respondents claimed as tenants in common, and the subsequent partition can affect nothing but the form of the decree. So of the partial disclaimer founded on that partition. See Jackson on Real Actions, 99; Co. Lit. 362 b. The respondents still set up a derivative claim. Again, the possession taken by some of the respondents is no bar; for, whatever might be the effect of a voluntary yielding of their possession by the petitioners, the statute cannot be defeated by a disseisin.

Margaret Taffe stands in a different position from the other respondents. She is alleged and admitted to be under guardianship as insane, and, although she is not found to be insane in fact, she is assumed to be so by the petitioners' argument. We are not prepared to say that insane persons are tacitly excepted from the general words of the statute in such a sense that a petition cannot be maintained against them under any circumstances. At the present day, the disqualifying effect of insanity is not sweeping and indiscriminately universal. An insane man can make an adverse claim and maintain an action. Under some circumstances, therefore, if he does the first, he may be required to do the last. On the other hand, in order to sue, he must be represented by a guardian. Pub. Sts. c. 139, § 29. And therefore his ability to do so will depend on whether the guardian has funds. It follows that, if a petition like the present were granted in all cases, injustice would sometimes be done. Again, when the statutes exempt insane persons from the ordinary obligation to sue within the period of limitation in order to preserve their rights, (Pub. Sts. c. 196, § 5; c. 197, § 9; Edson v. Munsell, 10 Allen, 557,) although that is not a sufficient reason for reading a like exception into an act from which it is omitted, it is a very good one for using a cautious discretion in imposing a more stringent and burdensome necessity, if the act does not exclude its exercise. We think that such a discretion is permitted in the power to make such decree as may seem equitable and just.

In the present case, it seems to have been ruled that the petitioners were entitled to maintain their petition against Margaret Taffe, as matter of law. It will be necessary, therefore,

before a decree is entered, that a single justice shall consider and determine the propriety of allowing them to do so, under the circumstances of the particular case, as a matter of discretion. It follows from what has been said earlier in this opinion, that a dismissal of the petition as to this respondent will not prevent its being maintained against the others.

John Taffe's disclaimer was founded on the partition, and, as he made claim when the petition was filed, he will take costs only from the date of the answer.   Jackson on Real Actions, 99. See Pub. Sts. *c.* 173, § 9.

*Case remitted for further proceedings.*