ANDREW C. SLATER *vs.* INHABITANTS OF MANCHESTER.

Essex.    November 8, 1893. — February 27, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Settlement of Title — Taking of Land by Town — Report.*

Upon a petition, under Pub. Sts. c. 176, to compel a town to bring an action to try the title to a parcel of land, it is within the language of Pub. Sts. c. 176, § 2, providing that " the court shall make such decree respecting the bringing and prosecuting of such action as may seem equitable and just," when justice requires it, to fix the time as of which the title shall be determined.

Upon a petition, under Pub. Sts. c. 176, to compel a town to bring an action to try the title to a parcel of land, the case may be reported to the full court after a decree ordering such action to be brought.

PETITION, filed June 2, 1892, under Pub. Sts. c. 176, to compel the respondent to bring an action to try the title to a part of Singing Beach in the town of Manchester. Hearing before *Morton*, J., who reported the case for the consideration of the full court, in substance as follows.

The petitioner at the date of the petition was in the exclusive possession of the premises described in the petition, claiming an estate of freehold therein under a deed from the former owners.

The respondent offered to show that on June 27, 1892, after the petition was filed, the Park Commissioners of the town of Manchester duly took in fee certain real estate in the town of Manchester, including the land described in the petition, for a public park.

The judge ruled that, if it was a matter of discretion with him, he ought not, if the petitioner was otherwise entitled to a decree at the date of the filing of his petition, to refuse to enter a decree in his favor by reason of the facts offered to be shown by the respondent, and that, if he had no discretion, those facts would not, as matter of law, constitute a defence to the petition ; and entered a decree that the respondent should bring an action to try the title to the land, counting upon its own seisin of the premises at the date of the petition, and alleging a disseisin by the petitioner on that day, and that in the trial of the action no evidence should be introduced by the respondent tending to show any title acquired by it, by park proceedings or otherwise, without the consent of the petitioner, since June 2, 1892.

The petitioner objected to a report of the case, on the ground that the decree was interlocutory, and that the respondent could not, at that stage of the case, have had an appeal or exceptions heard. But the judge was of opinion that the respondent would then have been entitled to have its appeal or exceptions heard, but that, if it would not have been so entitled, this report was to be discharged.

*R. M. Morse*, (*F. L. Evans* with him,) for the respondent.

*W. O. Underwood*, for the petitioner.

HOLMES, J.   This is a petition under Pub. Sts. c. 176, to compel the respondent to bring an action to try the title to a part of Singing Beach in Manchester. The defence is that since the petition was filed the respondent has taken the land for a public

park. The judge before whom the case was tried found that, if he had any discretion in the matter, the taking ought not to prevent a decree for the petitioner, and made a decree that the respondent should bring an action, and should not set up any title acquired since the date of the petition. The facts are not before us. The question is whether, in any conceivable state of facts, the decree could be justified, or whether there is no such discretion if the respondent has title at the date of the decree. *Doherty* v. *O' Callaghan*, 157 Mass. 90.

Merely by way of illustration, let us imagine the case of an owner of upland who always has enjoyed and has been believed by himself and others to own the adjoining beach, and yet who would have difficulty in showing a title by deed. Let us suppose that a controversy about the title arises with the town, and that the owner of the upland files a petition like the present. If the town has to bring an action, the burden will be upon it to establish its rights. It might be very unjust to allow the town to defeat the petition by taking the land for public uses, and then to throw the burden on the owner to prove his damages. It has been held that a respondent cannot defeat the petition by a disseisin. *Gurney* v. *Waldron*, 137 Mass. 376. In a case like this the burden of proof may determine the substantive right, and there is no reason why this court should shut its eyes to the possibility. The judgment in the writ of entry is of no less importance after the taking than before, as it settles the question of the right to compensation.

The statute says, in the broadest terms, that " the court shall make such decree respecting the bringing and prosecuting of such action as may seem equitable and just." To fix the time as of which the title shall be determined, when justice requires it, is within the language of the statute, and within the analogies of the law to which the making of terms for the bringing or defence of actions long has been familiar; for instance, in directing an issue out of the chancery, an order that the parties make such admissions as are necessary to raise the question to be determined; Dan. Ch. Pract. (5th Am. ed.) 1112; or the requirement to admit lease, entry, and ouster in an action of ejectment. We cannot say that the decree was wrong. See *Gurney* v. *Waldron*, 137 Mass. 376.

Our decision upon this point makes further consideration of the merits unnecessary. In view of the result, probably the petitioner would not desire to press his objection to our dealing with the report at this stage. It seems to us proper to decide the question now. See *Lowd* v. *Brigham*, 154 Mass. 107 ; Pub. Sts. c. 157, § 18 ; *Tompkins* v. *Wyman*, 116 Mass. 558; *Stone* v. *Houghton*, 139 Mass. 175.                    *Decree affirmed.*