THOMAS J. GINN, Petitioner, vs. AUGUSTUS H. ULMER.

Knox.    Opinion March 13, 1909.

*Petition to Quiet Title.  Form and Requisites.  Procedure.  Practice.  Adverse Claim.
Statute, 1907, chapter 150.  Revised Statutes, chapter 106, sections 47, 48.*

When a petition under the provisions of Revised Statutes, chapter 106, sec-
tions 47 and 48 as amended by chapter 150 of the Public Laws of 1907, is filed
for the purpose of requiring the defendant named in such petition to
appear and show cause why he should not be required to bring an action
to try his title to the premises described in the petition, the proceeding
follows the analogies of equity rather than those of law, and the petition
being preliminary only to a suit to be brought and prosecuted as seems to
the court "equitable and just" is not governed by the same rules as the
action itself.  The description need not be so particular and definite as in
a writ of entry or other action to try the title.

When a petition under the provisions of Revised Statutes, chapter 106, sec-
tions 47 and 48 as amended by chapter 150, Public Laws of 1907 is filed for
the purpose of requiring the defendant named in such petition to appear
and show cause why he should not be required to bring an action to try
his title to the premises described in the petition, and the petition sets out
all the requirements of the statute ; an uninterrupted possession of the
premises by the petitioner for ten years, a claim of freehold therein, a
sufficient description, and an apprehension of an adverse claim by the
defendant which creates a cloud upon the title, and concludes with a prayer
that the defendant may be summoned to show cause why he should not
bring an action to try title to the premises described in the petition, and
these propositions are passed upon by the single Justice his findings are
conclusive so far as they involve questions of fact.

Where a petition under the provisions of Revised Statutes, chapter 106,
sections 47 and 48 as amended by chapter 150, Public Laws of 1907, was
filed for the purpose of requiring the defendant named in such petition to
appear and show cause why he should not bring an action to try his title
to the premises described in the petition and the description was such as
to give the defendant notice of at least some part of the land to which the
petition referred, the petition was properly held sufficient by the presid-
ing Justice.

Where a petition under the provision of Revised Statutes, chapter 106,
sections 47 and 48 as amended by chapter 150, Public Laws of 1907, was
filed for the purpose of requiring the defendant to appear and show cause
why he should not bring an action to try his title to the premises described
in the petition, and the petitioner used the language of the statute in
alleging the adverse claim of the defendant, *held* that it was sufficient.

Where in proceedings under the provisions of Revised Statutes, chapter 106, sections 47 and 48 as amended by chapter 150, Public Laws of 1907, the defendant in his answer did not make an unqualified disclaimer such as the statute contemplates, of all right and title adverse to the petitioner, but denied that he had made a claim adverse to the title of the petitioner, *held* that an adverse claim was impliedly asserted by the defendant's statement that "the only difficulty there is between him and the petitioner is the establishment of a line on the northern boundary."

On exceptions by defendant. Overruled.

Petition under Revised Statutes, chapter 106, sections 47 and 48 as amended by Public Laws of 1907, chapter 150, to compel the defendant to bring an action to try his title to a parcel of land in South Thomaston. The petition was inserted like a declaration in a writ of attachment. The defendant filed an answer with a motion to dismiss the petition and also demurred. The motion and demurrer were overruled and the defendant excepted.

The case is stated in the opinion.

The petition is as follows:

"STATE OF MAINE

"KNOX, ss.—To the Supreme Judicial Court in and for the County of Knox and State of Maine:

"Thomas J. Ginn of Auburn, Androscoggin County, in said State, respectfully petitions and gives this Honorable Court to be informed:

"First: That he is the owner and in possession of a certain lot or parcel of land with the buildings thereon, situated in the town of South Thomaston, in said County of Knox, bounded and described as follows, to wit:

"Beginning at a stake and stones at tide water at the west side of Emery's Point formerly so called, now Ginn's Point, near the old brickyard; and in the line of a stone wall running diagonally across said point in a generally northeasterly and southwesterly direction; thence in a generally northeasterly direction across said point by said stone wall and by the line thereof to the waters of Penobscot Bay at the easterly side of said point; thence southerly, westerly and northerly by the said Penobscot Bay to the place of beginning.

"Second : That your petitioner claims an estate of freehold in the whole of said real estate above described and claims to be the absolute owner in fee simple thereof, excepting only therefrom the Hitchcock cottage and lot so called.

"Third : That your petitioner and those under whom he claims have been in uninterrupted possession of said property for more than ten years next preceding the date of this petition, to wit, your petitioner since the 19th day of September, A. D., 1892, and the immediate grantor of your petitioner for many years prior to said date.

"Fourth : That the source of title of your petitioner is as follows : A warranty deed of said premises from Eliza S. Ginn dated September 19, 1892, and recorded Knox Registry of Deeds, Book 93, Page 78.

"Fifth : That an apprehension exists that Augustus H. Ulmer of Rockland in said County of Knox claims, or may claim some title in the premises hereinbefore described, adverse to your petitioner.

"Sixth : That the aforesaid apprehension creates a cloud upon the title of your petitioner to said premises and depreciates the market value thereof, and prevents easy sale of the same.

"Wherefore your petitioner respectfully prays that the said Augustus H. Ulmer may be summoned to show cause why he should not bring an action to try title to the above described premises, and set up his claim therein if any he has.

"Dated at Rockland, Maine, this eighth day of October, A. D. 1907.

THOMAS J. GINN,
By A. S. LITTLEFIELD, his Attorney."

The answer, omitting formal parts, is as follows :

The respondent in the above entitled action having been summoned therein to appear to answer to the petition in such case for an answer says :

"That he does not claim title to all the land described in said petition but only to a very small part thereof if any, because said description is so indefinite, vague and uncertain as to its northern

boundary that he cannot tell whether he claims any part thereof or not and is thereby unable to answer in this respect more fully. Wherefore he will be under the necessity of asking for a more minute description as to the northern boundary of the land described in said petition for, as described, he cannot tell whether he claims any part thereof or not.

"This respondent further says that he makes no claim whatever adverse to the title of said petitioner and never has and the only difficulty there is between him and said petitioner is the establishment of a line on the northern boundary of said petitioner's land and, if said description were more fully given, it might be that there would be no dispute as to the line between the parties hereto and that the land in dispute, if it be in dispute, is not one of title but one of the boundary and involves only a few square rods of rough pasture land and that the title to the petitioner's land so far as this respondent is concerned, when said boundary line shall have been established as aforesaid, will in no way interfere with the plaintiff's title or in any way affect the value thereof.

"That your respondent has no information as to the source of the complainant's title as said title, as alleged in said petition, does not concern him in any way and that the only difficulty there is between the parties hereto, as before stated, is the settlement of a boundary line as above set forth.

"That the apprehension mentioned in said petition in paragraphs 5 and 6 thereof gives no statutory reason why this respondent should be compelled to bring any action to determine the title to the property named in said petition and any order of court compelling him to do so would be inequitable and unjust upon this respondent who makes no such claim as set forth in the petition.

"That your respondent says further that your complainant has abundant remedy against this respondent without compelling the respondent to try his title to said described property and that such remedy is trifling and inexpensive as compared to the trouble that this respondent would be put to if the prayer of said petitioner should be granted.

"Wherefore this respondent moves that this petition be dismissed and he further, for the foregoing reasons and generally, demurs to the foregoing petition and prays that he may be discharged hence from this court with his costs in this behalf sustained."

The decree made by the presiding Justice, omitting formal parts, is as follows:

"In the above entitled cause it having been made to appear that the petition was inserted like a declaration in a writ and duly served upon the respondent, that the allegations in the petition are true, that said respondent has appeared in answer to said petition but has not disclaimed all right and title adverse to the petitioner in the land described in the petition, and that the respondent has not by his answer and upon hearing, shown sufficient cause why he should not be required to bring an action and try such title as he claims to the land or any part thereof described in the petition. It is Ordered, and Decreed, that said respondent bring an action at law against the petitioner to try his title to the land described in the petition, said action to be returnable at the next April Term of this court for Knox County, Maine, 1908."

*Arthur S. Littlefield*, for plaintiff.

*Rodney I. Thompson*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

PEABODY, J. This case is based upon a petition under R. S., chapter 106, sections 47 and 48 as amended by chapter 150, Public Laws of 1907, to compel the defendant to bring an action to try his title to a parcel of land in South Thomaston in the County of Knox.

The petition was inserted like a declaration in a writ of attachment, and the defendant filed an answer with a motion that the petition be dismissed and a demurrer to its sufficiency for the reasons: first, the question raised is one of boundary only, and on account of the uncertainty in description he does not know whether he claimed any part of the land and therefore cannot have

the benefit of a disclaimer; second, the description is too vague and indefinite to give him notice of the land in question; third, he made no claim adverse to the title of the petitioner; fourth, paragraphs 5 and 6 give no statutory reason why he should bring action against the petitioner. The motion and demurrer were overruled and the case is before this court on the defendant's exceptions.

The petition sets out all the requirements of the statute; an uninterrupted possession of the premises by the petitioner for ten years, a claim of freehold therein, a sufficient description, and an apprehension of an adverse claim by the defendant which creates a cloud upon the title, and it concludes with a prayer that the defendant may be summoned to show cause why he should not bring an action to try title to the premises described. All these propositions were passed upon by the single Justice, and so far as they involve matters of fact, the finding is conclusive. *Proprietors of India Wharf* v. *Central Wharf and Wet Dock Corporation*, 117 Mass. 504.

It is therefore shown that the petitioner had possession of the premises described, a freehold estate, and that he was apprehensive of an adverse claim of the respondent which created a cloud upon his title.

Under the exceptions we are also to consider the questions raised by the demurrer and determine whether the allegations of the petition are sufficient in law.

This statutory proceeding follows the analogies of equity rather than those of law, and the petition being preliminary only to a suit to be brought and prosecuted as seems to the court "equitable and just" is not governed by the same rules as the action itself. The description need not be so particular and definite as in a writ of entry or other action to try the title. *Gurney* v. *Waldron*, 137 Mass. 376; *Slater* v. *Manchester*, 160 Mass. 471; *Oliver* v. *Looke*, 77 Maine, 585.

The land described is so much of a certain point now known as Ginn Point on Penobscot Bay, as is contained within the limits of the waters of the Bay and a stone wall running from tidewater near

an old brick yard diagonally across the point. This must give the defendant notice of at least some part of the land to which the petition refers and was properly held sufficient by the presiding Justice. *Silloway* v. *Hale*, 8 Allen, 61.

The defendant in his answer does not make an unqualified disclaimer such as the statute contemplates, of all right and title adverse to the petitioner. While he denies that he has made a claim adverse to the title of the petitioner, an adverse claim is impliedly asserted by his statement that "the only difficulty there is between him and the petitioner is the establishment of a line on the northern boundary," which in effect means that he has a claim dependent upon the location of this boundary line to be established by a judgment in a proper action between the parties, as in the case of *Monroe* v. *Ward*, 4 Allen, 150. Upon the facts presented by the record the proper action would be writ of entry brought by the defendant against the petitioner who is in possession, and not trespass by the petitioner against the defendant who has not actually interferred with the possession. *Marshall* v. *Walker*, 93 Maine, 532; *Smith* v. *Libby*, 101 Maine, 338; *May* v. *New England Railroad Company*, 171 Mass. 367.

The petitioner used the language of the statute in alleging the adverse claim of the defendant, and we think it is sufficient.

The ruling of the single Justice is not shown to be erroneous. *Oliver* v. *Looke*, supra; *Tisdale* v. *Brabrook*, 102 Mass. 374.

*Exceptions overruled.*