NEW YORK CENTRAL RAILROAD COMPANY & another *vs.* AUGUST SWENSON.

Norfolk.    March 14, 1916. — May 16, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Eminent Domain, Way,* Private, Extinguishment. *Evidence,* Self-serving statement, Of intention. *Railroad.*

If an instrument of taking by right of eminent domain of a certain location by a railroad corporation contains no language to show that a private way which crosses the location is extinguished, the mere facts that, upon the map which

the corporation filed with the county commissioners is the statement "This. location covers and includes all the land lying between the lines tinted red on. said map," and that the "lines tinted red" crossed black lines designated as. the lines of the private way, do not show that the private way where it crossed the location was extinguished by the taking.

Where land or an interest in land is taken by right of eminent domain, the description in the instrument of taking should be as definite and certain as is necessary for a conveyance of land by a deed.

If the language used in an instrument of taking by eminent domain is so ambiguous and obscure as to make uncertain the nature and extent of the taking, the taking will be held to be invalid.

Where, at the trial of a suit by a railroad corporation to enjoin one claiming a private right of way across the railroad location from using such way, the plaintiff contended that so much of the way as crossed the location was extinguished by the taking of the location and the meaning of the instrument. and plan which were filed when the taking of the location was made is an issue, evidence of what the corporation intended by the filing is incompetent, the question being, not what the corporation intended to do, but what it did.

CROSBY, J.  This is a bill in equity brought to enjoin the defendant from crossing the location of the plaintiff's railroad in the town of Wellesley.  The defendant is the owner of a certain parcel of land in Wellesley north of, but not adjoining, the plaintiff's location above referred to.  The deed under which the defendant acquired title to his land is dated June 21, 1887, and it is agreed that until July 11, 1888, when a new location for the railroad was filed under the provisions of St. 1887, c. 430, the defendant was the owner of a right of way as appurtenant to his land over the tracks of the plaintiff's railroad upon Everett Street so called, a private way, to Washington Street in Wellesley.

The judge of the Superior Court,* by whom the case was heard, found in effect that the defendant's right of way had been extinguished by the new location filed by the plaintiff on July 11, 1888, and the principal question to be determined is whether, upon the evidence, that finding was plainly wrong.

The plan marked "D" which was filed with the county commissioners of Norfolk County and made a part of the location of July 11, 1888, shows the side lines of the railroad location as extending across Everett Street, and the side lines of Everett Street as extending across the railroad location.  Upon this plan Everett Street is indicated as a "Private Way" and is delineated thereon by black lines.

---

* *Jenney,* J., who made the decree granting the injunction prayed for.

The defendant contends that the way was not extinguished by the new location, but was expressly recognized thereby. Evidence was admitted at the hearing tending to show that immediately after the filing of the location in 1888 the planking between the rails where Everett Street had crossed the tracks was removed and a fence was erected on the north side line of the plaintiff's location cutting off travel across the tracks at Everett Street. There was also evidence that a sign was erected by the selectmen of Wellesley warning persons that crossing the railroad at this place was prohibited.

The plan and the written location are to be considered together. Such a plan is of the same effect as if referred to in a deed, and is a substantial part of the description. *Hazen* v. *Boston & Maine Railroad,* 2 Gray, 574.

We are of opinion that the taking by the railroad company is free from uncertainty or ambiguity. There is nothing in the instrument of taking or the accompanying plan to show that the easement of the defendant in Everett Street was extinguished. The legend upon the plan,* which recites that "This location covers and includes all the land lying between the lines tinted red on said map," is not inconsistent with the continued existence of the easement. Unless the taking by the railroad company included

---

* The complete legend was as follows:

"A New Location
of the Boston and Albany R. R. at Two Points
in the Town of Wellesley and County of Norfolk, Massachusetts.
Authorized by Chapter 430 of the Statutes of 1887.

"In accordance with the provisions of chapter 112 of the Public Statutes of the Commonwealth of Massachusetts and chapter 430 of the statutes of 1887, the Boston & Albany Railroad Company makes and files this new location of its railroad at two points in the town of Wellesley, county of Norfolk in said Commonwealth, as shown on the accompanying map in three sheets and statement of alignment in one sheet, which map and statement are hereby made a part of this location, not meaning or intending to abandon or relinquish any rights which it may possess under any former location made by it.

"This location covers and includes all the land lying between the lines tinted red on said map. The base line of this location is shown on said map in red and is defined by stone monuments set in the ground.

"The said statement of the alignment shows the true courses and radii of the base line. The distances of the outside lines of location from the base line are stated in figures on said map."

all the land between the side lines of its location where it intersected Everett Street, the plaintiff would have no right to cross over that street, but its location would end at the side lines of the street. In other words, the railroad company could not do less than take all the land within the side lines of its location. It follows, that the taking as described by the legend on the plan does not of itself extinguish the easement of the defendant, but the land within the side lines of the railroad and the side lines of Everett Street is subject to two easements, namely, the easement of the railroad and the easement of the private way. The plan shows the side lines of the railroad location as crossing Blossom Street, a public way, in precisely the same manner that they cross Everett Street. This would seem to make it certain that the legend on the plan and the plan itself did not extinguish that part of Everett Street within the "lines tinted red on said map."

An examination of the entire record fails to show that the easement of the defendant was lost by the relocation of the plaintiff's railroad filed on July 11, 1888.

If the question, whether the relocation of the railroad did or did not result in the extinguishment of the easement, was doubtful, which we do not find, the result would be the same. Where land or interests therein are taken by eminent domain, the description in the instrument of taking should be as definite and certain as is necessary for a conveyance of land by deed. If the language used is so ambiguous and obscure as to make uncertain the nature and extent of the taking, it will be held to be invalid.

It was said by this court in *Glover* v. *Boston,* 14 Gray, 282, at page 288, "Upon the record of the laying out alone, it must at best be regarded as extremely doubtful; and the plan excludes it altogether. The appropriation of private property to the public use, which is one of the highest acts of sovereign power, should not be accomplished by the use of ambiguous or uncertain language. The presumption is in favor of the owner of the land, and any act done by public authority which interferes with his rights should be, as it always may be, clear and intelligible." *Gloucester Water Supply Co.* v. *Gloucester,* 179 Mass. 365. *Appleton* v. *Newton,* 178 Mass. 276. *Harding* v. *Biggs,* 172 Mass. 590.

An examination of the original records, together with the accompanying plans, in the cases of *Googins* v. *Boston & Albany*

*Railroad,* 155 Mass. 505, *Humphreys* v. *Old Colony Railroad,* 160 Mass. 323, and *Hamlin* v. *New York, New Haven, & Hartford Railroad,* 166 Mass. 462, cited and relied on by the plaintiff, shows that they are not at variance with the views herein expressed.

The evidence offered by the plaintiff to show what it intended by the filing of the relocation was incompetent. The question to be determined was not what the railroad company intended to do by filing the location, but what was the proper construction of the act done as shown by the location and accompanying plan? Upon that question, contemporaneous construction given by both parties was admissible. So also evidence of admissions was competent. As was said by Allen, J., in *Humphreys* v. *Old Colony Railroad, ubi supra,* in referring to evidence of an admission by the railroad, "This in a case otherwise doubtful would be strong evidence to show that all the parties, including the railroad company, understood that the crossing was not to be closed." Where, as in the case at bar, the question of the effect of the relocation was in dispute between the parties, evidence as to what one of the parties to the written instrument intended thereby was clearly inadmissible. The evidence admitted amounted merely to self-serving statements by the railroad company.

The burden of proof was on the plaintiff to show that the pre-existing right of way was extinguished by the location. For the reasons stated, we are of opinion that it has not sustained the burden of proof which rests upon it to show that the defendant's right of way was extinguished. It appears that before the new location the plaintiff railroad owned the fee in so much of Everett Street as is included within the side lines of the new location; but this is not of consequence. The effect of the new location is the same throughout and is to be taken as a whole.

It follows that the decree must be reversed and the bill dismissed with costs.

*Ordered accordingly.*

The case was submitted on briefs.

*H. A. Plympton & H. L. Perrin,* for the defendant.

*R. A. Stewart & E. S. Kochersperger,* for the plaintiff.