VICTOR A. AGOSTINI *vs.* NORTH ADAMS GAS LIGHT
COMPANY.

MARGARET FASANI & another *vs.* SAME.

FREDELIN LAMOUREAUX & another *vs.* SAME.

Berkshire.    September 18, 1928. — November 26, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Eminent Domain.    Railroad.    Tunnel.    Easement.*

The taking of land by eminent domain by the Troy and Greenfield Railroad Company under Rev. Sts. c. 44, §§ 54, 55, from the terms of which it did not appear whether the contemplated road was to be built on the surface of the land or whether the point of destination was to be reached in part by tunnelling, but under the authority of which at a certain location Little Tunnel was constructed, did not give to the corporation title to the fee of the land above the tunnel; and neither it nor its successor in title, the Boston and Maine Railroad, thereby acquired a right to give permission to an electric power company to erect and maintain wires and a tower upon any of such land against the objection of its owner.

THREE BILLS IN EQUITY, filed in the Superior Court respectively on December 26, 1925, February 2, 1926, and April 17, 1926, and described in the opinion.

The suits were referred to a master. Material facts found by the master are stated in the opinion. By order of *Callahan*, J., there was entered in each suit an interlocutory decree confirming the master's report. The suits then were recommitted to the master for further findings. Interlocutory decrees confirming supplementary reports by the master, and final decrees granting the relief sought by the plaintiffs were entered by order of *Burns*, J. The defendant appealed.

The cases were submitted on briefs.

*E. K. McPeck*, for the defendant.

*E. D. Getman, W. F. Barrington, & J. L. Burns*, for the plaintiffs.

SANDERSON, J.   These three suits, brought to compel the defendant to remove wires and a tower from land of the respective plaintiffs and for other relief, were consolidated by order of the Superior Court and referred to a master.

The master found that the defendant, in 1925, entered upon the land described in the respective bills, dug up the soil to the depth of five feet, and in this excavation constructed a concrete block approximately sixteen feet square.   On this base a metal tower about forty-five feet high was erected from which are suspended three bare copper wires, each designed to carry twenty-two thousand volts of electricity from a supply plant in Adams to the defendant's distributing station in North Adams.   The base is so situated that a part of it is on land alleged to be owned by the plaintiffs respectively.   The wires are so placed that one crosses one of these parcels of land and two cross the others.   A part of the base is within fifteen feet of the house on one lot and about nineteen feet from a house on one of the other lots.   The entry upon the land by the defendant was made and the work done with the written permission previously obtained of the Boston and Maine Railroad, but against the protest of the several plaintiffs.   The parties stipulated that for the purposes of these cases, if the Troy and Greenfield Railroad Company took a fee to the locus by the filing of its plan of location, that fee is now vested in the Boston and Maine Railroad, and that if the court should decide that the Boston and Maine Railroad did not have a fee in the locus, the parties reserve the right to be heard in this or some other appropriate proceeding on the question whether the Boston and Maine Railroad had an easement in the locus.   The plaintiffs' claims for damages were waived.

The judge ruled that the Boston and Maine Railroad never acquired an interest greater than an easement, and the title in fee to the real estate in dispute was in the plaintiffs respectively; that the defendant had no right to do the acts complained of and the Boston and Maine Railroad had no right to authorize them.   He entered a decree that the defendant be ordered to remove the tower, its foundation or base, all uprights and arms attached to the tower and the

wires connected therewith, and to restore the land to its condition at the time of entry. In each case the defendant appealed from this decree.

The fee in the land alleged to be owned by the plaintiffs respectively is in them and they are entitled to the relief sought unless the Troy and Greenfield Railroad Company by filing its location with the county commissioners of Berkshire County in 1850 acquired a title in fee to the real estate described therein. The only question argued and decided is whether such a title was taken by the railroad company.

The Troy and Greenfield Railroad Company was incorporated by virtue of St. 1848, c. 307. It was authorized to locate, construct and maintain a railroad through designated towns, in the counties of Franklin and Berkshire, to some point on the line of the State of New York or of Vermont convenient to meet or connect with any railroad that may be constructed from any point at or near the city of Troy in the State of New York. The corporation was given the powers and privileges and subjected to the duties, liabilities and restrictions set forth in Rev. Sts. c. 44, and that part of c. 39 relating to railroad corporations. By §§ 54, 55 of the latter chapter, a railroad corporation was authorized to lay out its road not exceeding five rods in width and to "purchase or otherwise take any land. . . ." The taking is accomplished by filing with the county commissioners of each county a description of the location in that county. Rev. Sts. c. 39, § 75. *Hazen* v. *Boston & Maine Railroad,* 2 Gray, 574, 579, 580. It did not appear from the terms of the taking whether the contemplated road was to be built on the surface of the land or whether the point of destination was to be reached in part by tunnelling. The route necessarily required crossing or tunnelling the Hoosac Mountain and crossing or tunnelling the locus. Tunnelling was decided upon and two tunnels were constructed, one called the Hoosac Tunnel and the other, about one mile west of this, called the Little Tunnel. The latter is about four hundred feet long with the top of the tunnel approximately forty feet below the surface of the land. The structures of which the plaintiffs complain are over the Little Tunnel and within the lines of

the location filed by the Troy and Greenfield Railroad Company.

In a taking by eminent domain only such rights are acquired as are reasonably necessary to accomplish the purpose for which the taking is made, unless the Legislature authorizes the acquiring of greater rights. "The early acts of incorporation of railroads indicate a precise perception of the railroad as a highway of travel, which might be open to the general public in something the same way as turnpikes had been used." *Hall* v. *Boston & Maine Railroad*, 211 Mass. 174, 177. The Troy and Greenfield Railroad Company by its taking gained only an easement and the adjoining owners had title to the fee within the limits of the location. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 104 Mass. 1, 9, 11. *May* v. *New England Railroad*, 171 Mass. 367, 369. *Enfield Manuf. Co.* v. *Ward*, 190 Mass. 314, 315. *Battelle* v. *New York, New Haven & Hartford Railroad*, 211 Mass. 442, 446. *New York Central Railroad* v. *Swenson*, 224 Mass. 88, 91. The taking of title to this easement is a taking of land within the meaning of the statute. *Charlestown Branch Rail Road* v. *County Commissioners*, 7 Met. 78, 84. The easement taken is coextensive with but limited to such rights as are reasonably necessary to accomplish the purposes for which the corporate franchise was granted. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, *supra*. A railroad company is ordinarily entitled to the exclusive possession of its location in the exercise of its rights under its charter. *Weston* v. *Foster*, 2 Met. 297, 299. *Hazen* v. *Boston & Maine Railroad*, *supra*. But for all purposes consistent with the exercise of the corporate franchise by the railroad corporation, the right to use the land remains in the owner of the fee. *Clark* v. *Worcester*, 125 Mass. 226, 231. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, *supra*, page 11. *Hall* v. *Boston & Maine Railroad*, 211 Mass. 174, 176. The corporation is not legally injured by any use of the land by the owner which does not interfere with the easement. *May* v. *New England Railroad*, *supra*. *New York Central & Hudson River Railroad* v. *Chelsea*, 213 Mass. 40, 45.

In reaching our conclusion we have considered the contention of the defendant to the effect that the Legislature intended a fee to be taken in the land in question because the Commonwealth apparently had a special interest in the proposed transportation line to the west and lent its credit to aid in the construction of the road, because cities and towns were authorized to subscribe to stock of the corporation, raising money therefor by taxation, and because the Commonwealth acting through commissioners took possession of the road and completed it by virtue of St. 1862, c. 156. None of these considerations justifies the conclusion that the Troy and Greenfield Railroad Company took a fee. The case of *Googins* v. *Boston & Albany Railroad,* 155 Mass. 505, is not inconsistent with what is here decided. See *New York Central Railroad* v. *Swenson, supra.*

*Decrees affirmed with costs.*